## COMMONWEALTH *v*. WILLIAM DOUGLAS ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—685, as Commonwealth v. Douglass.]

**Criminal Law—Jurisdiction.**

> Where one is arrested for the offense of keeping a disorderly house and tried before the city court, and fined $60, and on appeal the cause is dismissed, it is proper, when it is shown that the city court had no jurisdiction of the offense named in the warrant, because the offense named was not a violation of any city ordinance of the city.

### APPEAL FROM FULTON CIRCUIT COURT.

February 28, 1882.

OPINION BY JUDGE HARGIS:

The appellees were arrested upon a warrant for the offense of keeping a disorderly house, and tried before the city court of Hickman and fined $60 each. They prosecuted an appeal to the circuit court, which allowed them to have the transcript from the city court attested by the judge after the expiration of sixty days from the rendition of the judgment, and then upon their motion render judgment dismissing the warrant.

The commonwealth appeals. The appeal from the city court was taken and the transcript of the judgment, costs and a copy of the warrant were filed in the circuit court within sixty days, and, as held by this court in another appeal between these same parties, it was right to ·allow the city judge to attest the transcript, there being no other substantial defect in it.

The dismissal of the warrant was also proper, because according to Crim. Code (1876), § 13, subsec. 4, the city court of Hickman had not jurisdiction of the offense named in the warrant, for it was not a violation of any ordinance or by-law of the city, and the punishment of the offense would have exceeded $100, had the court seen proper and possessed the jurisdiction to inflict it.

No statute, by-law or ordinance passed by said city or relative thereto has been shown or suggested to us which brings the case before us within its jurisdiction. The section of the code

named, which is the general law on the subject, confers no such jurisdiction as claimed by appellant for the city.

Judgment *affirmed*.

*C. H. Wilson, P. W. Hardin, for appellant.*

*S. H. Crossland, for appellees.*